[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-15118
Non-Argument Calendar
_____

D.C. Docket No. 6:01-cr-00089-JA-GJK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICK ALEXANDER TORRENCE,
a.k.a. Pat the Bat,
a.k.a. Marvin Hilton,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 8, 2021)

Before MARTIN, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Patrick Alexander Torrence appeals the district court's denial of his motion for a sentence reduction under section 404 of the First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194. Torrence argues that the district court erred in concluding that he was ineligible for relief under the Act. We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 2001, a federal grand jury charged Torrence with conspiring to possess with intent to distribute five kilograms or more of powder cocaine and fifty grams or more of crack cocaine, in violation of 21 U.S.C. sections 846 and 841(b)(1)(A)(ii) and (iii). rior to trial, the government filed a notice under 21 U.S.C. section 851 informing Torrence that, if he was convicted, it would seek an enhanced sentence based on his prior felony drug convictions. At that time, section 841(b)(1)(A) provided that "[i]f any person commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment . . . ." See § 841(b)(1)(A) (2000).

Mid-trial, Torrence pleaded guilty without a plea agreement. At sentencing, the district court calculated a total offense level of forty-two and a criminal history category of six, resulting in a guideline range of 360 months' to life imprisonment. But because the government sought an enhanced sentence under section 851, and Torrence had three prior convictions for felony drug offenses, the district court

2

sentenced Torrence to the statutory mandatory minimum of life imprisonment under sections 841(b)(1)(A)(ii) and (iii). The district court added that although Torrence's life sentence was based on the mandatory minimum, "the life sentence would [have been] imposed notwithstanding the enhancement." We affirmed Torrence's sentence on direct appeal. See United States v. Torrence, 49 F. App'x 289 (11th Cir. 2002) (table).

In August 2019, Torrence filed a motion asking the district court to order the probation office to file a memorandum regarding his eligibility for relief under section 404 of the First Step Act. The district court granted the motion, and the probation office filed its memorandum, concluding that Torrence was ineligible for relief because "retroactive application of the Fair Sentencing Act [did] not reduce [his] applicable penalties."

Still, Torrence filed a motion to reduce his sentence under the First Step Act. Torrence argued that he was sentenced for a "covered offense" and was therefore eligible for relief. He argued that the drug quantity for which he was ultimately held accountable did not bar relief under the Act because it was the statute of conviction and not the offense conduct that governed eligibility. He also argued that crack cocaine offenses that also involved powder cocaine were "nonetheless covered offenses under the First Step Act for which relief is not precluded."

3

Torrence argued that the district court should exercise its discretion to reduce his sentence because intervening law, principles of equity, and the 18 U.S.C. section 3553(a) factors supported a reduced sentence. Specifically, he argued that he was serving a mandatory life sentence which would not have been imposed today, and that he was sentenced before the Supreme Court held that the guidelines were not mandatory. Keeping him incarcerated for the remainder of his life, Torrence argued, "serve[d] no additional rehabilitative, punitive, or protective purpose that ha[d] not long since been achieved."

The government opposed Torrence's motion, agreeing with the probation office that he was ineligible for relief. First, the government argued that the amount of crack cocaine involved in Torrence's offense made him ineligible for relief. Second, the government argued that Torrence's conspiracy conviction, which involved conspiracy to possess powder cocaine with the intent to distribute, precluded relief because the Fair Sentencing Act did not alter the statutory penalties for powder cocaine offenses. Third, the government argued that, even if Torrence was eligible for relief, the district court should decline to reduce his sentence based on the nature and circumstances of his offense conduct.

The district court denied Torrence's motion, concluding that he was not convicted of a covered offense because he "faced a mandatory sentence of life imprisonment under section 841(b)(1)(A) based on both—that is, either—the

4

involvement of [five] kilograms or more of cocaine powder in the violation or the involvement of [fifty] grams or more of cocaine base in the violation." The district court noted that the Fair Sentencing Act did not modify the statutory penalties for powder cocaine offenses, and Torrence had admitted during his plea colloquy that his offense involved the five kilograms or more of powder cocaine charged in the indictment. Thus, the district court concluded that "even if Torrence could somehow be regarded as eligible for First Step Act relief, the [c]ourt could not reduce his sentence" because he "faced a mandatory life sentence in prison based on the amount of powder cocaine involved in his offense."

## STANDARD OF REVIEW

We review de novo "whether a district court had the authority to modify a [defendant's] term of imprisonment" under the First Step Act. United States v. Jones, 962 F.3d 1296, 1296 (11th Cir. 2020).

## DISCUSSION

Section 404(b) of the First Step Act says that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections [two] and [three] of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." See First Step Act § 404(b). Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section [two] or

5

[three] of the Fair Sentencing Act . . . that was committed before August 3, 2010." See First Step Act § 404(a). Through the First Step Act, Congress "granted district courts discretion to reduce the sentences of crack-cocaine offenders in accordance with the amended penalties in the Fair Sentencing Act." Jones, 962 F.3d at 1297. "A district court lacks the inherent authority to modify a term of imprisonment[,]" but "it may do so . . . to the extent that a statute expressly permits." Id. (citing 18 U.S.C. § 3582(c); United States v. Puentes, 803 F.3d 597, 606 (11th Cir. 2015)). The First Step Act "expressly permits district courts to reduce a previously imposed term of imprisonment" for a "covered offense." Id.

First, to be eligible for a sentence reduction, the district court must have "imposed a sentence" on the defendant for a "covered offense." Id. at 1298. An offense is a "covered offense" if "section two or three of the Fair Sentencing Act modified its statutory penalties." Id. The Fair Sentencing Act "modified the statutory penalties for crack-cocaine offenses that have as an element the quantity of crack cocaine provided in subsections 841(b)(1)(A)(iii) and (B)(iii)." Id. The Act "increased the quantity of crack cocaine necessary to trigger the higher penalties in subsections (b)(1)(A)(iii) and (B)(iii)" and "[a] defendant now must traffic at least 280 grams of crack cocaine to trigger the highest penalties" under section 841(b)(1)(A)(iii), and "[twenty-eight] grams of crack cocaine to trigger the intermediate penalties" under section 841(b)(1)(B)(iii). Id. at 1297. "So a

[defendant] has a 'covered offense' if his [pre-Fair Sentencing Act] offense triggered a statutory penalty" in section 841(b)(1)(A)(iii) or (b)(1)(B)(iii). Id. at 1298.

Second, to be eligible for a sentence reduction, the defendant must also satisfy the First Step Act's "as if" clause. Id. at 1303. The Act only allows a district court to reduce a defendant's sentence "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." Id. (quotation marks omitted). This means that the Act: (1) "does not permit reducing a movant's sentence if he received the lowest statutory penalty that also would be available to him under the Fair Sentencing Act"; and (2) requires that, "in determining what a movant's statutory penalty would be under the Fair Sentencing Act, the district court [be] bound by a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time of sentencing." Id. "If the movant's sentence would have necessarily remained the same had the Fair Sentencing Act been in effect, then the district court lacks the authority to reduce the movant's sentence." Id. That is because "[a]ny reduction the district court would grant would not be 'as if' the Fair Sentencing Act had been in effect" and "the First Step Act does not permit a reduction when the Fair Sentencing Act could not have benefitted the movant." Id.

We applied this "as if" framework in Jones. There, one of the four appellants, Warren Lavell Jackson, was charged "with one count of possessing with intent to

7

distribute more than [fifty] grams of crack cocaine." Id. at 1295. The government sought an enhanced sentence under section 851 based on Mr. Jackson's prior felony drug convictions. Id. At sentencing, the district court found that Mr. Jackson was responsible for 287 grams of crack cocaine and sentenced him under section 841(b)(1)(A)(iii) to the "statutory mandatory sentence of life imprisonment because of the drug quantity and his prior felony drug convictions." Id. Mr. Jackson filed a motion for a reduced sentence under the First Step Act, arguing that he should now be subject to a decreased statutory penalty. Id. The district court denied the motion, concluding that "the Fair Sentencing Act would have had no impact on [Mr.] Jackson's sentence." Id. (quotation marks omitted; alterations adopted). We affirmed, holding that "[t]he district court correctly concluded that it could not reduce [Mr.] Jackson's sentence because his drug-quantity finding meant that he would face the same statutory penalty of life imprisonment under the Fair Sentencing Act." Id. at 1304.

Here, there is no dispute that Torrence was convicted of a "covered offense" under the First Step Act because the fifty grams or more of crack cocaine involved in his conspiracy conviction triggered the statutory penalty in section 841(b)(1)(A)(iii). See United States v. Taylor, ___F.3d___, 2020 WL 7239632, at *5 (11th Cir. Dec. 9, 2020) ("conspiring to possess with intent to distribute at least [five] kilograms of powder cocaine and at least [fifty] grams of crack cocaine . . . is

8

a covered offense"). But Torrence is ineligible for relief under the Act's "as if" clause because, like Mr. Jackson in Jones, his sentence necessarily would be the same had the Fair Sentencing Act been in effect. The First Step Act does not permit a reduction in Torrence's sentence where the Fair Sentencing Act could not have benefitted him.

That's because Torrence pleaded guilty to conspiring to possess with intent to distribute five kilograms or more of powder cocaine and fifty grams or more of crack cocaine. Before the Fair Sentencing Act, both drug quantities subjected him to a mandatory minimum life sentence (when combined with his prior felony drug convictions). See 21 U.S.C. §§ 841(b)(1)(A)(ii)–(iii) (2000). If Torrence were sentenced "as if" the Fair Sentencing Act was in effect at the time he committed his offense, the fifty grams of crack cocaine charged in the indictment would no longer trigger the mandatory minimum life sentence, but the five kilograms of powder cocaine would. See 21 U.S.C. §§ 841(b)(1)(A)(ii)–(iii) (2010). Congress amended only "the penalties for crack-cocaine offenses when it enacted the Fair Sentencing Act of 2010." See Jones, 962 F.3d at 1297. But "a defendant convicted of a multidrug conspiracy is [not] subject to multiple sentences; participation in a single drug-trafficking conspiracy constitutes a single offense, for which the defendant can receive only one sentence." Taylor, 2020 WL 7239632, at *4. Torrence's "one sentence" was, and is, mandatory life imprisonment because, in addition to having

fifty grams or more of crack cocanine, he was convicted for conspiring to possess with the intent to distribute five kilograms or more of powder cocaine, and the mandatory life sentence for the powder cocaine conspiracy is the same both pre- and post-Fair Sentencing Act.  He is, therefore, ineligible for relief under the First Step Act.

Accordingly, we **AFFIRM**.